IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LOUIS BERGER GROUP, INC.,
LOUIS BERGER U.S., INC., and
WSP USA SOLUTIONS INC.,

    Plaintiffs,

v.

BLUESOURCE, L.L.C.,

    Defendant.

COMPLAINT

No. 1:24-cv-00339

Pursuant to Federal Rule of Civil Procedure 8(a), Plaintiffs Louis Berger Group, Inc., Louis Berger U.S., Inc., and WSP USA Solutions Inc. file this Complaint.

## PARTIES

1. Plaintiffs Louis Berger Group, Inc. and Louis Berger, U.S., Inc. are New Jersey corporations with their principal places of business located in that state.

2. Plaintiff WSP USA Solutions, Inc. maintains its principal offices located in the State of New York.

3. Defendant Bluesource, L.L.C. ("Bluesource") is a North Carolina limited liability company with its principal place of business located in Chapel Hill, Orange County, North Carolina (according to the records of the North Carolina Secretary of State). It also appears to operate an office in Durham, Durham County, North Carolina. On information and belief, the members of this limited liability company are all citizens of the State of North Carolina.

1

## JURISDICTION, VENUE, AND OTHER MATTERS

4. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332 because there is complete diversity of citizenship among the Plaintiffs and Bluesource and the amount in controversy exceeds $75,000, exclusive of interest, costs and fees.

5. Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and because Bluesource, a party to a contract with Plaintiffs, maintains its principal place of business in this judicial district.

6. As a domestic limited liability company, Bluesource is subject to personal jurisdiction in the State of North Carolina.

7. All conditions precedent to the filing of this suit have been met.

## FACTS

8. Plaintiff Louis Berger Group, Inc. wholly owned Louis Berger U.S., Inc. until December 18, 2018.

9. Louis Berger U.S., Inc. is now known as WSP USA Solutions Inc. and is a wholly owned subsidiary of WSP USA Inc.

10. Louis Berger Group (Domestic), Inc. held a contract with the United States Army Corps of Engineers (the "Client") to provide generators for temporary use at local government infrastructure and facilities where electrical power was lost after manmade or natural disasters (the "ACI Contract"). The Client would direct Louis Berger where and how large a generator to install and operate at a local government facility.

11. The Louis Berger Group (Domestic), Inc., a subsidiary of Louis Berger Group, Inc., merged into Louis Berger U.S., Inc. in May 2017.

12. The ACI Contract was novated from The Louis Berger Group (Domestic), Inc. to Louis Berger U.S., Inc.

13. On or about January 19, 2017, Bluesource entered into a Master Services Subcontract ("Bluesource Contract") with plaintiff Louis Berger US, Inc. for general services work to be performed via Task Orders for various clients and projects in response to natural or man-made disasters.

14. Bluesource provided services to Plaintiff Louis Berger US, Inc. under the Master Services Subcontract via Louis Berger Project No. 2004082.0014 (hereinafter "Project.")

15. The subcontract recites that Bluesource had the technical "expertise and thorough knowledge of emergency power operations and is qualified to render such services in the jurisdiction where the Project is located." Bluesource was to respond to Individual Task Orders issued by Berger that would identify the specific Client, Project, Contract, Berger Project Number, Site and State. Each Task Order became part of this contract.

16. Specifically, Bluesource was to respond to the Task Order with "technical services." Bluesource was to comply with all terms of Berger's contract with Berger's client (the U.S. Army Corps of Engineers) and the terms and conditions of Berger's contract with its client were incorporated into the subcontract with Bluesource. See Section 1.4 of the subcontract.

17. Bluesource committed to providing Berger with supervision, labor, materials, tools, and all items necessary for the performance of its services under the Contract and Task Order. Bluesource was required to provide personnel with the

3

Case 1:24-cv-00339   Document 1   Filed 04/21/24   Page 3 of 10

necessary safety equipment and know-how required for their field work (including Personal Protective Equipment).

18. Bluesource warranted that all of its employees and personnel were properly trained to perform the work at this Project in a safe, good and workmanlike manner.

19. The subcontract in issue in this lawsuit imposed safety obligations on Bluesource, including but not limited to the following:

> 2.4 Safety.
> Subcontractor (Bluesource) shall be solely and completely responsible for conditions of its work sites and shall maintain a safe working environment for its employees, lower-tier subcontractors and Client …Subcontractor shall comply and shall secure compliance by its employees, agents and lower-tier subcontractor, with all applicable health and safety laws and regulations, including, but not limited to, Federal OSHA and equivalent OSHA state regulations, City and County ordinances and codes, … The Subcontractor's failure to thoroughly familiarize itself with and apply these safety laws, codes, rules and guidance shall not relieve it from compliance with safe work environment practices.
>
> 2.4.1
> Subcontractor (Bluesource) shall be responsible for providing all necessary equipment for protecting Subcontractor's field personnel and for field safety precautions. In addition, minimum protective gear for Subcontractor's field personnel shall include, but is not limited to, protective footwear, eyewear, hardhats, coveralls and gloves. Berger shall provide information relating to safety and working conditions at the site to Subcontractor as available to Berger. However, Subcontractor agrees that such information shall not release Subcontractor from its primary responsibility for ensuring safe working conditions for its field personnel.

20. Bluesource provided employees and services to Plaintiffs in the U.S. Virgin Islands related to hurricane recovery efforts and to perform installation and operation of a temporary generator at various locations on the Virgin Islands after Hurricanes Irma and Maria under its contract.

21. The work of Bluesource is referred to herein as "the Project."

22. Miles Livingston, Christopher Glavach, and Jonathan Clemons were employees of ACP assigned to the Project by their employer.

23. Miles Livingston was working as an Electrician (Journeyman) and Christopher Glavach was working as an Electrician (Apprentice) on the Project. Jonathan Clemons was ACP's Chief of Operations on the Project.

24. Bluesource assigned its employees David Clarkson and Ramara Wilburn to the Project to serve as Electrical Branch Leaders with supervisory responsibilities for the work.

25. On or about October 17, 2017, Miles Livingston, Christopher Glavach, Jonathan Clemons, David Clarkson and Ramara Wilburn were on St. Croix in the U.S. Virgin Islands pursuant to their employment and assigned to the Project.

26. On October 17, 2017, Miles Livingston and Christopher Glavach were injured while employed by ACP on the Project.

27. Miles Livingston, his wife, Anna Livingston and Christopher Glavach filed a Complaint in the U.S. District Court, District of the Virgin Islands, Division of St. Croix, bearing docket number 1:19-cv-0012 ("the Action") seeking damages for their injuries. Plaintiff Louis Berger Group was named as a defendant in the Action.

28. It was alleged in the complaint in the Action that necessary safety equipment and know-how required for the injured workers in conducting their field work was not provided, and that omission led to their injuries and damages.

29. Berger tendered the defense to Bluesource and demanded indemnification.

30. Notwithstanding the obligations Bluesource assumed in the subcontracts, and Plaintiffs' multiple tenders of defense to Bluesource and its insurers, Bluesource has

5

failed and refused to honor its obligations to defend and indemnify Plaintiffs.

31. In this lawsuit, Plaintiffs seeks relief from Bluesource for the damages claimed against Berger and which arise from Bluesource's failure to comply with its warranties and its failure to have provided the required services, including proper protective gear and/or equipment to the Plaintiffs while out working on the field and proper warnings, instructions and directions, and as specifically claimed in the complaint in the Action.

32. The subcontract contains an indemnification clause stating:

"SUBCONTRACTOR shall hold harmless and indemnify LOUIS BERGER and its CLIENT and each of their respective directors, officers, agents, and employees against any and all claims made by employees of SUBCONTRACTOR or SUBCONTACTOR's lower-tier subcontractors to the extent that they arise from any acts of SUBCONTRACTOR or its lower-tier subcontractors.

In any claims against LOUIS BERGER and/or its directors, officers, agents and employees by an employee of SUBCONTRACTOR or SUBCONTRACTOR's lower-tier subcontractor, this indemnification shall not be restricted by any limitation on the amount or type of damages, compensation, or benefits payable by or for SUBCONTRACTOR or SUBCONTRACTOR's lower-tier subcontractor under worker's compensation acts, disability benefit acts, or other employee benefit acts."

33. The subcontract contains a clause requiring Bluesource to provide insurance coverage to Plaintiffs as an additional insured, that provides Plaintiffs with a defense and indemnification to claims for any injuries resulting from Bluesource's work on the project.

34. The subcontract states that the insurance coverage to be provided to Plaintiffs is to be primary in nature, and that any insurance policies maintained by Plaintiffs are to be excess and non-contributory with Bluesource's insurance.

35. Despite demands to do so, Bluesource has failed to perform any of its agreed upon duties required by the contract to indemnify and defend the Plaintiffs in the

6

Case 1:24-cv-00339    Document 1    Filed 04/21/24    Page 6 of 10

Action.

## COUNT ONE
### (Breach of Contract)

36. Plaintiffs repeat the allegations set forth in the above paragraphs as if same were set forth at length herein.

37. At all times set forth in the Complaint, there existed between the parties hereto, certain contracts binding upon Bluesource, wherein it agreed and were obligated to perform pursuant to those contracts.

38. Pursuant to said contracts, Bluesource was contractually bound to perform pursuant to those contracts.

39. Among other obligation it assumed under the contracts, Bluesource agreed to name Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., as additional insureds under policy(ies) of insurance issued to it.

40. Pursuant to said covenants in said contracts Bluesource was contractually bound to name the Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., as an additional insured, on a primary and non-contributory basis, under a policy of insurance for any and all claims, such as the ones asserted against them in the Action made against it by Livingston and Glavach.

41. Bluesource has failed and refused to perform according to the terms of said contracts.

42. Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., have not received the benefit of any additional insurance coverage, defense and indemnification, from any policy of insurance issued to Bluesource.

43. In the event of any judgment being recovered in the Action by Livingston

and Glavach as against the Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., and pursuant to the terms of the contract documents, the Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., will be entitled to judgment for any such sums as Livingston and Glavach may recover due to Bluesource's failures and refusals to perform according to the terms of said contracts.

44. Moreover, as a direct consequence of Bluesource's breach of said contracts, Plaintiffs have incurred and continue to incur, damages by way of costs, attorney's fees, litigation expenses and other consequential damages, and interest thereon.

45. Plaintiffs are accordingly entitled to judgment against Bluesource for its actual and consequential damages for breach of its contractual obligations.

## COUNT TWO
### (Contractual Indemnity)

46. Plaintiffs repeat and re-allege all allegations set forth in the above paragraphs as though fully set forth herein.

47. At all times during the Project and as set forth in the Complaint, there existed between the parties hereto, a contract binding on Bluesource, wherein Bluesource agreed to hold harmless and indemnify the Plaintiffs.

48. Pursuant to the contracts, Bluesource is contractually bound to hold harmless and indemnify the Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions Inc., for any and all claims, including those made by against them in the Action filed by Livingston and Glavach.

49. Bluesource has failed and refused to perform according to the terms of said contract.

50. As a result of this breach of contract, Plaintiffs have incurred defense costs

8

and expenses in the Action.

51. In the event of any judgment being recovered by Livingston and Glavach in the Action, as against these Plaintiffs, and pursuant to the terms of said contracts Plaintiffs are entitled to full indemnification for any such sums as Livingston and Glavach may recover in the Action.

52. In the event of any judgment being recovered in the Action by Livingston and Glavach against the Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., and pursuant to the terms of said contracts as aforesaid, the Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., will be entitled to judgment for any such sums as Livingston and Glavach may recover against Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., for Bluesource's failure and refusal to perform according to the terms of said contracts.

53. Moreover, as a direct consequence of Bluesource's breach of its indemnification obligations, Plaintiffs have incurred and continue to incur, damages by way of costs, attorney's fees, litigation expenses and other consequential damages, and interest thereon.

54. Plaintiffs are accordingly entitled to judgment against Bluesource for breach of its indemnity obligations.

## PRAYER FOR RELIEF

Plaintiffs, Louis Berger Group, Inc., Louis Berger U.S., Inc. and WSP USA Solutions, Inc., demand judgment against Defendant Bluesource, L.L.C. for full indemnification of any judgment in the Action, together with the cost of defense,

9

Case 1:24-cv-00339    Document 1    Filed 04/21/24    Page 9 of 10

including attorney's fees and expenses incurred in the defense of the Action, with interest thereon, and the costs associated with the prosecution of this breach of contract action, with attorney's fees related to same. Plaintiffs also seek interest and costs of suit, as well as any other relief as the Court deems just under the circumstances.

April 21, 2024

Respectfully Submitted,

/s/ James M. Dedman, IV
James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
(704) 552-1712 (Telephone)
(704) 362-4850 (Fax)
jdedman@gwblawfirm.com